PHILLIP C. SAMOURIS, Bar No. 163303
samouris@higgslaw.com
MARY R. ROBBERSON, Bar No. 190641
maryrobberson@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, California, 92101-7913
Telephone: 619.236.1551
Facsimile:  619.696.1410

Attorneys for Plaintiff
PARK ASSIST, LLC

TOD M. MELGAR, Bar No. 2790228 (*Pro Hac Vice Pending*)
tmelgar@sillscummis.com
SCOTT D. STIMPSON, Bar No. 2361012 (*Pro Hac Vice Pending*)
sstimpson@sillscummis.com
SILLS CUMIS & GROSS, P.C.
101 Park Avenue, 28th Floor
New York, NY 10178
Telephone:  212.500.1519
Facsimile:  212.643.6500

Attorneys for Plaintiff
PARK ASSIST, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARK ASSIST, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY; ACE PARKING MANAGETMENT, INC.,<br><br>　　　　　Defendant. | CASE NO. '18 CV2068 LAB MDD<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMANDED** |

Park Assist LLC ("Park Assist" or "Plaintiff"), for its Complaint against Defendant San Diego County Regional Airport Authority ("SDCRAA") and Defendant Ace Parking Management, Inc. ("Ace Parking") (collectively, "Defendants"), alleges as follows:

## THE PARTIES

1. Park Assist is a Delaware limited liability company with its principal place of business at 57 W 38th Street, 11th Floor, New York, NY 10018.

2. On information and belief, SDCRAA is a local government entity created by act of the California State Legislature with jurisdiction throughout the County of San Diego and operates the San Diego International Airport ("Airport") located in San Diego, California. See California Public Utilities Code § 170002.

3. On information and belief, Ace Parking is a California corporation having a principle place of business at 645 Ash Street, San Diego, California 92101.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338, and this action arises under the patent laws of the United States (35 U.S.C. § 100, et seq.).

5. This Court has personal jurisdiction over SDCRAA at least because, on information and belief, SDCRAA among other things, has continuous and systematic contacts with the State of California and conducts regular business in this District, and on information and belief, has a substantial presence and contacts within this District including by operating the Airport, selling and/or offering for sale products and services in this District in its operation of the Airport, and by being a local governmental entity of the regional San Diego County government. See also California Public Utilities Code § 170032.

6. This Court has personal jurisdiction over Ace Parking at least because, on information and belief, Ace Parking among other things, has continuous and systematic contacts with the State of California and conducts regular business in this District, and on information and belief, has a substantial presence and contacts within this District including by selling and/or offering for sale services in this District, including parking management services at the Airport and by being

incorporated and registered to do business within the State of California.

7. Venue lies in this Court pursuant to 28 U.S.C. §1400(b) because, inter alia, each Defendant resides in the District and, on information and belief, each Defendant has committed and continues to commit acts of infringement in the District and maintains its principle place of business in this District, such that this District has sufficient interest in resolving this dispute.

## THE PATENT-IN-SUIT

8. United States Patent No. 9,594,956 ("'956 Patent"), entitled "Method and System for Managing a Parking Lot Based on Intelligent Imaging," was duly and legally issued by the United States Patent and Trademark Office on March 14, 2017, and is still in full force and effect.

9. Park Assist is the owner of the '956 Patent, a true and correct copy of which is attached as Exhibit A.

## SAN DIEGO INTERNATIONAL AIRPORT AND ACE PARKING

10. Park Assist repeats and realleges the allegations of paragraphs 1-9 of the Complaint as if set forth fully herein.

11. On information and belief, SDCRAA has implemented and operates a parking guidance system at the Airport's Terminal 2 Parking Plaza ("Airport Parking System") as reported in the San Diego Union Tribune website article on the Airport Parking System, dated May 17, 2018, a true and correct copy of which is attached as Exhibit B [http://www.sandiegouniontribune.com/business/tourism/sd-fi-airport-parking-20180516-story.html].

12. On information and belief, SDCRAA, by way of its employees and/or jointly with Ace Parking, operates the Airport Parking System. A printout of a true and correct copy of the Airport's "Parking FAQ" webpage stating that "Parking management services [are] provided by Ace Parking" is attached as Exhibit C. (http://www.san.org/parking/faq/QuestionID/225/AFMID/5711)

**INFRINGEMENT OF U.S. PATENT NO. 9,594,956**

13. Park Assist repeats and realleges the allegations of paragraphs 1-12 of the Complaint as if fully set forth herein.

14. On information and belief, either individually, and/or jointly, SDCRAA and Ace Parking have infringed and continue to infringe at least claim 1 of the '956 Patent through the use and operation of the Airport Parking System, which upon information and belief implements an INDECT Parking Guidance System ("INDECT PGS") that meets and operates in accordance with the Airport's "Parking Guidance System Requirements" ("PGSR"). A true and correct copy of the PGSR is attached as Exhibit D.  On information and belief, this infringement has occurred and is occurring at least under 35 U.S.C. § 271(a) and/or (b).

15. On information and belief, either individually, and/or jointly, SDCRAA and Ace Parking, through agreements, contracts, agency, and/or joint enterprise, practiced each and every element of at least claim 1 of the '956 Patent. Accordingly, SDCRAA and Ace Parking directly infringe the '956 Patent under 35 U.S.C. § 271(a).

16. To the extent that some elements of a claim are performed by a different party than SDCRAA, such as Ace Parking, on information and belief, SDCRAA directs and controls the other party, such as Ace Parking, to jointly infringe the '956 Patent including through a contractual relationship such that the infringing acts are attributable to both SDCRAA, who provides means to use the Airport Parking System, and Ace Parking, who operates and uses the Airport Parking System in a manner that infringes the '956 Patent to receive contractual benefits from SDCRAA.

17. On information and belief, SDCRAA has contracted and entered into an agreement with Ace Parking to operate the Airport Parking System, and SDCRAA provides means to use and operate the Airport Parking System that infringes the '956 Patent in this District.

18. On information and belief, SDCRAA directs and controls Ace Parking to operate and use the Airport Parking System in an infringing manner pursuant to a contractual agreement. On information and belief, Ace Parking receives benefits (e.g., contractual payments) from SDCRAA as a condition for Ace Parking's operation and infringing use of the Airport Parking System in the manner and timing dictated by SDCRAA pursuant to their contractual agreement.

19. On information and belief, SDCRAA has formed a joint enterprise with Ace Parking to operate and use the Airport Parking System in a manner that infringes the '956 Patent pursuant to a contractual relationship.

20. On information and belief, SDCRAA is alternatively liable pursuant to 35 U.S.C. § 271(b) for inducing and continuing to induce the direct infringement of Ace Parking. On further information and belief, Ace Parking directly infringes the method contained in claim 1 through SDCRAA's inducement, including providing means to use and operate the Airport Parking System pursuant to contractual obligations.

21. On information and belief, SDCRAA possessed a specific intent to induce infringement, by engaging in affirmative acts such as by (i) providing means to use and operate the Airport Parking System, and (ii) contracting with others and instructing others, such as Ace Parking, in connection with the infringement.

22. On information and belief, SDCRAA was aware of the '956 Patent, or willfully blind to the '956 patent.

23. On information and belief, SDCRAA possessed a specific intent to induce infringement, by engaging in affirmative acts such as by (i) setting forth requirements for the Airport Parking System in the PGSR, and (ii) on information and belief contracting for the purchase and installation of the INDECT PGS in use and operation in the Airport Parking System, which meets the PGSR and performs each and every element of at least claim 1 of the '956 Patent.

24. As a result of Defendants' infringement of the '956 Patent, upon

information and belief, Defendants' have made and will continue to make unlawful gains and profits.

25. Park Assist has been and will continue to be substantially and irreparably harmed by Defendants' infringement of the '956 Patent.

## JURY DEMAND

26. Plaintiff hereby demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Park Assist prays for relief as follows:

A. A judgment that SDCRAA has infringed the Patent-in-Suit;

B. A judgment that Ace Parking has infringed the '956 Patent;

C. A judgment that the Defendants' liability is joint and several;

D. A judgment preliminarily and permanently enjoining and restraining SDCRAA, its officers, directors, agents, servants, employees, affiliates, subcontractors, including Ace, attorneys, and all others in active concert or participation with SDCRAA, from infringing the Patent-in-Suit, under 35 U.S.C. § 283;

E. A judgment awarding Park Assist its damages, but not less than a reasonable royalty, resulting from the Defendants' infringement, under 35 U.S.C. § 284;

F. A judgment awarding Park Assist its costs and disbursements incurred in prosecuting this action as authorized by Fed. R. Civ. P. 54, 28 U.S.C. § 1920, and/or 35 U.S.C. § 285;

G. A judgment awarding Park Assist its attorneys' fees incurred in prosecuting this action as authorized by 35 U.S.C. § 285 for an exceptional case;

H. A judgment awarding Park Assist pre- and post-judgment interest on any monetary award; and

1 | Such other relief as the Court may deem just, equitable, and proper under the
2 | circumstances.

3 | DATED: September 5, 2018         HIGGS FLETCHER & MACK LLP

By: */s/Mary R. Robberson*
PHILLIP C. SAMOURIS, ESQ.
MARY R. ROBBERSON, ESQ.
Attorneys for Plaintiff
PARK ASSIST, LLC

- and -

TOD M. MELGAR, ESQ.
(*Pro Hac Vice Pending*)
SCOTT D. STIMPSON, ESQ.
(*Pro Hac Vice Pending*)
SILLS CUMIS & GROSS, P.C.

Attorneys for Plaintiff
PARK ASSIST, LLC