UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARK ASSIST, LLC,<br><br>         Plaintiff,<br>v.<br><br>SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY;<br>ACE PARKING MANAGEMENT, INC.,<br><br>         Defendants. | Case No.: 3:18-cv-02068-BEN-MDD<br><br>**ORDER DENYING MOTION FOR RULE 11 SANCTIONS**<br>**[Doc. 42]** |

  Pending before the Court is Defendant Ace Parking Management, Inc.'s motion for Rule 11 sanctions against Plaintiff Park Assist, LLC. For the following reasons, the motion is **DENIED**.

         **I.**  **BACKGROUND**

  This is a patent infringement action. Plaintiff Park Assist develops and sells a camera-based parking guidance system for which it was issued Patent No. 9,594,956 ("the '956 Patent") on March 17, 2017. Park Assist alleges that Defendants San Diego County Regional Airport Authority and Ace Parking Management, Inc. have infringed and continue to infringe Park Assist's '956 Patent by operating a competitor's parking guidance system at the Terminal 2 Parking Plaza.

1

The '956 Patent is entitled "Method and System for Managing a Parking Lot Based on Intelligent Imaging." It has two claims: independent claim 1 and dependent claim 2. Independent claim 1 requires a method of managing a plurality of parking spaces. Claim 2 depends from claim 1 and narrows it by requiring the use of a self-modifying classification algorithm for assigning parking space statuses.

Park Assist filed its action on September 5, 2018 and filed an Amended Complaint on October 26, 2018. On November 11, 2018, Defendants filed motions to dismiss the Amended Complaint, which the Court later denied. Prior to any formal discovery or claims construction, Ace Parking filed the instant motion for sanctions on March 19, 2019.

## II. DISCUSSION

Defendant Ace Parking Management, Inc. moves for sanctions under Federal Rule of Civil Procedure 11 against Plaintiff Park Assist, LLC. Notably, Defendant San Diego County Regional Airport Authority does not join Ace Parking's motion.

Rule 11 imposes upon attorneys a duty to certify by signature that they have read any pleadings or motions they file with the court and that such pleadings and motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper purpose. *See* Fed. R. Civ. P. 11(b). "One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotation marks and citations omitted). The Ninth Circuit has made clear that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1985). Thus, sanctions under Rule 11 are "reserve[d] for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344.

In support of its Rule 11 motion, Ace Parking challenges Park Assist's filing of its Complaint. For that reason, the applicable Rule 11 test requires Ace Parking to establish both that (1) "the complaint is legally or factually baseless from an objective perspective,"

and (2) the attorney failed to conduct "a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotation marks omitted). For the following reasons, the Court finds that Ace Parking does not carry its burden, and Rule 11 sanctions are not warranted.

**A. Adequate Legal Basis**

As to the first requirement, "to be objectively baseless, the patentee's assertions—whether manifested in its infringement allegations or its claim construction positions—must be such that no reasonable litigant could reasonably expect success on the merits." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013). Ace Parking argues that Park Assist's claims for patent infringement are objectively baseless because they rest on three false premises, each of which go directly to the merits of Park Assist's infringement claim. First, Ace Parking contends the Airport's Parking System does not use human review and override of automatic determinations by the system. Second, Ace Parking contends the Airport Parking System allocates areas for permit parking and punishes unauthorized parkers. Finally, Ace Parking argues that the patent is clearly invalid. Park Assist opposes each of Ace Parking's challenges.

The Court has reviewed the parties' extensive arguments going to the merits of Park Assist's infringement action. However, given that formal discovery has not yet taken place and no claim construction has been conducted, the Court finds the instant Rule 11 motion is premature. *See, e.g., Golden State Natural Prods., Inc. v. TSI Health Sciences, Inc.*, 2014 WL 12514791, at *4 (S.D. Cal. Feb. 25, 2014) (denying Rule 11 sanctions motion as premature due to no discovery or claims construction having taken place); *Eon-Net L.P. v. Flagstar Bancorp*, 249 Fed. Appx. 189, 195-98 (Fed. Cir. 2007) (reversing district court's grant of Rule 11 sanctions as premature); *Viper Networks, Inc. v. Rates Technology, Inc.*, 2990 WL 461167, at *5 (S.D. Cal. Nov. 23, 2990) (denying Rule 11 sanctions motion as "premature and unwarranted given the state of the record"). Moreover, as to Ace Parking's third argument, the Federal Circuit has explained that within the context of a Rule 11 motion, a patentee may "reasonably believe[] its patent to be valid in light of the statutory

3

presumption of validity." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1303 (Fed. Cir. 2004). Other courts have denied Rule 11 motions on the same ground. *See id.* (denying Rule 11 motion in part because "Q-Pharma reasonably believed its patent to be valid in light of the statutory presumption of validity"); *see also, e.g., Brady Constr. Innovations v. Cal. Expanded Metal Co.*, 2007 WL 9705998, at *2 (C.D. Cal. Sept. 25, 2007) (denying Rule 11 motion in part due to plaintiff's reliance on the "presumptive validity of issued patents").

**B. Reasonable Inquiry**

The premature nature of Ace Parking's motion is a sufficient basis for denying it. Nonetheless, even if Ace Parking were to show that Park Assist's infringement claims were "objectively baseless," it still cannot prevail on its Rule 11 motion: Ace Parking fails to show that Park Assist did not conduct a reasonable pre-filing inquiry. "The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). The Federal Circuit has explained that within the context of a patent infringement claim, "the key factor in determining whether a patentee performed a reasonable pre-filing inquiry is the presence of an infringement analysis." *Q-Pharma*, 360 F.3d at 1302. "And an infringement analysis can simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter." *Id.*

Here, both the original and Amended Complaints evince a thorough pre-filing analysis by Park Assist and its counsel. Park Assist additionally filed numerous declarations and evidence reflecting its reasonable pre-filing inquiry. For example, Park Assist's counsel, Tod Melgar, filed a declaration detailing Park Assist's pre-filing investigation over several months, which included: (1) reviewing the patent and prosecution history to construe the claims, (2) collecting and reviewing the publicly available evidence related to the Airport Parking System, and (3) preparing a claim element-by-element infringement analysis by comparing the publicly available information

4

on the Airport Parking System with the properly construed claim elements to determine if the Airport Parking System's operation was infringing the claims of the '956 patent. Doc. 46-1 at ¶ 7. Such a "good faith, informed comparison" is enough. *Q-Pharma*, 360 F.3d at 1302. The Court is not persuaded by Ace Parking's challenge to the contrary. Accordingly, because Park Assist has demonstrated a reasonable and competent pre-filing investigation, Ace Parking's Rule 11 motion lacks merit. *See, e.g., Q-Pharma*, 360 F.3d at 1302-03 (finding patentee's pre-filing investigation reasonable where the patentee "obtained a sample of the accused product, reviewed [the defendant's] statements made in the advertising and labeling of the accused product, and most importantly, compared the claims of the patent with the accused product").

### III. CONCLUSION

Ace Parking's Rule 11 motion is premature and lacks merit because Park Assist conducted a reasonable pre-filing inquiry. The motion is **DENIED**.

**IT IS SO ORDERED.**

Date: January 30, 2020

HON. ROGER T. BENITEZ
United States District Judge