UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARK ASSIST, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY and ACE PARKING MANAGEMENT, INC.,<br><br>         Defendants. | Case No.: 3:18-cv-02068-BEN-DEB<br><br>**ORDER DENYING PARK ASSIST LLC'S MOTION FOR FEES PURSUANT TO FED. R. CIV. P. 11(c)(2)**<br><br>**[Doc. Nos. 72, 74]** |

  Before the Court are a Motion for Fees pursuant to Fed. R. Civ. P. 11(c)(2) and a supporting Motion to File Documents Under Seal submitted by Plaintiff Park Assist, LLC ("Park Assist"). For the reasons set forth below, the motions are **denied**.

**I.  BACKGROUND**

  This is a patent infringement action. Park Assist develops and sells a camera-based parking guidance system for which it was issued U.S. Patent No. 9,594,956 ("the '956 Patent") on March 17, 2017. Park Assist alleges Defendants San Diego County Regional Airport Authority and Ace Parking Management, Inc. ("Ace Parking"), have infringed and continue to infringe on the '956 Patent by operating a competing parking guidance system at the Terminal 2 Parking Plaza at San Diego International Airport.

The instant Motion for Fees only involves Defendant Ace Parking, which alone filed a motion for sanctions against Park Assist pursuant to Federal Rule of Civil Procedure 11 (the "Rule 11 Motion").  R. 11 Mot., ECF No. 42-1.  The Court denied the Rule 11 Motion on January 30, 2020.  Order, ECF No. 69.  Thereafter, Park Assist filed this Motion for Fees and a supporting Motion to File Documents Under Seal to recover attorney's fees and costs with respect to its defense of the Rule 11 Motion.

## II. DISCUSSION

### a. Motion to File Documents Under Seal

The Court first addresses Park Assist's Motion to File Documents Under Seal.  Mot., ECF No. 72.  As discussed below, the Court does not require review of the documents Park Assist proposes to file under seal to resolve the motion for expenses.  Accordingly, the Motion to File Documents Under Seal is denied.

### b. Motion for Expenses

The Court next turns to Park Assist's motion for expenses in the form of attorney's fees.  Mot., ECF No. 74-1.  Rule 11 imposes upon attorneys a duty to to certify by signature that they have read any pleadings or motions they file with the court and that such pleadings and motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper purpose.  *See* Fed. R. Civ. P. 11(b).  In the Rule 11 Motion, Ace Parking challenged Park Assist's filing of its Complaint, arguing the Complaint was legally or factually baseless from an objective perspective and that Park Assist's counsel failed to conduct a reasonable and competent inquiry before signing and filing it.  Order, ECF No. 69, 2-3 (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).  The Court denied the Rule 11 Motion as "premature and lack[ing] merit," because discovery and claim construction had yet to occur, and because the Court concluded Park Assist conducted a reasonable pre-filing inquiry.  *Id*. at 2-5.  Now, Park Assist argues fees should be awarded for its response to the Rule 11 Motion because Ace Parking knew there was an adequate pre-suit investigation and that the claims were objectively reasonable.  Mot., ECF No. 74-1, 4.  Ace Parking counters that Park Assist failed to

prove the Rule 11 Motion was frivolous and that the Rule 11 Motion had three independent, good-faith bases. Opp'n., ECF No. 77, 8, 11.

Park Assist does not seek sanctions as punishment of Ace Parking. Park Assist seeks reimbursement of attorney's fees in incurred defending against the meritless Ace Parking motion. Mot., ECF No. 74-1, 1. Rule 11 provides, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Ace Parking cites to numerous cases where courts declined to award sanctions for violations of Rule 11. Opp'n., ECF No. 77, 8-9. These cases address Rule 11 sanctions, not the award of fees for defending against a Rule 11 motion like the issue presently before the Court.

Nothing in Rule 11 or the commentary requires "a movant's conduct to be found worthy of sanction" before attorney's fees as costs are awarded. *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237, 2017 U.S. Dist. LEXIS 196702, at *11 (S.D. Tex. Nov. 30, 2017). However, other courts in this district have decided that "a request for costs…requires a showing similar to that required for a motion brought under Rule 11." *Simpson v. California Pizza Kitchen, Inc.*, No. 13-CV-164 JLS (JMA), 2013 WL 12114487, at *5 (S.D. Cal. Oct. 23, 2013); see also *In re Outlaw Laboratory, LP Litigation*, No. 18-CV-840-GPC, 2019 WL 3858900, at *5 (S.D. Cal. Aug. 15, 2019) (finding a counterclaimant for attorney's fees must establish a Rule 11 motion was itself a sanctionable filing). This Court declines to adopt this view. Nothing in Rule 11, its commentary, or Ninth Circuit decisions have required as much to award fees for responding to a Rule 11 motion. It may be that attorney's fees are appropriate for the Rule 11 Motion at issue here. At this time, however, the Court finds that such an award may – like the Rule 11 Motion giving rise to it – be premature. Thus, the Motion for Fees is denied without prejudice.

One final point warrants attention. Ace Parking argues that Park Assist must comply with Rule 11's safe harbor provision in its request for fees. Opp'n., ECF No. 77, 5-8. This is incorrect. Rule 11 requires a party serving a Rule 11 motion on opposing

counsel to wait 21 days before filing the motion with the court. Fed. R. Civ. P. 11(c)(2). However, "[a] party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001). Accordingly, Ace Parking's arguments regarding the safe harbor provisions of Rule 11 are clearly inapplicable to the instant motion. Ace Parking failed to bring this binding precedent set forth in *Patelco* to the Court's attention, instead citing inopposite cases involving the initial filing of Rule 11 motions to support its meritless safe harbor arguments.

While the Court denies the Motion for Fees, it reminds all counsel of their duties as officers of the court and of Federal Rule of Civil Procedure 1, which calls for the Rules to "be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added).

### III. CONCLUSION

For the foregoing reasons, the Motion to File Documents Under Seal (ECF No. 72) is **DENIED**. The Motion for Fees (ECF No. 74) is **DENIED without prejudice**. Park Assist may renew its motion at the conclusion of this case.

**IT IS SO ORDERED**.

Dated: July 24, 2020

Hon. Roger T. Benitez
United States District Judge