UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDECT USA CORP., <br><br> Plaintiff, <br><br> v. <br><br> PARK ASSIST, LLC, <br><br> Defendant. | Case No. 3:18-cv-02068-BEN-DEB <br><br> Judge Daniel E. Butcher <br> United States Magistrate Judge |

## AMENDED REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

TO THE NATIONAL COURT ADMINISTRATION:

The United States District Court for the Southern District of California presents its compliments to the appropriate judicial authority of the Republic of Korea and respectfully requests international judicial assistance to obtain evidence for use in a civil proceeding before this Court in the above-captioned patent infringement dispute.

This Court requests the assistance described herein pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Convention"), as adopted and implemented in the United States of America at 28 U.S.C. § 1781. The United States District Court for the Southern District of California is a competent court of law and equity, which properly has jurisdiction over this matter, and has the power to compel the production of evidence both within and outside its

jurisdiction. *See* Fed. R. Civ. P. 4(f)(2)(B), 28(b); All Writs Act, 28 U.S.C. §§ 1651, 1781(b).

The production of documents requested herein is intended for use at trial, and in the view of this Court will be highly relevant to the claims and defenses in this case, in particular to Plaintiff INDECT USA Corp.'s claims under 35 U.S.C. §§ 101, 102, and 103.

This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he would if the litigation were conducted in the Republic of Korea. The requesting Court is satisfied that the evidence sought to be obtained through this request is relevant and necessary and cannot reasonably be obtained by other methods. Because this Court lacks authority to compel participation of these persons and such participation being necessary in order that justice be served in the above-captioned proceedings, this Court respectfully requests assistance from the Appropriate Judicial Authority.

1. **SENDER**
   Honorable Daniel E. Butcher
   United States Magistrate Judge
   United States District Court for the Southern District of California
   333 W. Broadway #420
   San Diego, California 92101
   United States of America

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE**
   National Court Administration
   ATTN: Director of International Affairs
   Seocho-daero 219
   Seocho-gu
   SEOUL 06590
   Republic of Korea

3. **PERSON TO WHOM THE EXPECTED REQUEST IS TO BE RETURNED**
   Paul V. Storm
   Foley & Lardner LLP
   2021 McKinney Avenue, Suite 1600
   Dallas, Texas 75201

United States of America
Telephone: 214-999-3000

4. **SPECIFICATION OF DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST**

This Court requests that the documents be delivered by April 2, 2021.

5. **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

   a. **Requesting judicial authority:**

   Honorable Daniel E. Butcher
   United States Magistrate Judge
   United States District Court for the Southern District of California
   333 W. Broadway #420
   San Diego, California 92101
   United States of America

   b. **To the competent authority of Korea:**
   National Court Administration
   ATTN: Director of International Affairs
   Seocho-daero 219
   Seocho-gu
   Seoul 06590
   Republic of Korea

**Case name and number:**

The evidence requested relates to the action *Indect USA Corp. v. Park Assist, LLC*, Case No. 3:18-cv-02409-BEN-DEB, pending in the United States District Court for the Southern District of California, and its companion case *Park Assist, LLC v. San Diego County Regional Airport Authority and Ace Parking Management, Inc.*, Case No. 3:18-cv-02068-BEN-DEB, also pending in the United States District Court for the Southern District of California.

## 6. NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES

*Indect USA Corp. v. Park Assist, LLC*, Case No. 3:18-cv-02409-BEN-DEB

### a. Plaintiff

Indect USA, Corp.

Represented By:
Mikle S. Jew
Foley & Lardner LLP
3579 Valley Centre Drive, Suite 300
San Diego, California 92130
Telephone: 858-847-6700

Paul V. Storm
J. Michael Thomas
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214-999-3000

### b. Defendant

Park Assist, LLC

Represented By:
Jason M. Kirby
Kirby & Kirby, LLP
501 W. Broadway, Suite 1720
San Diego, California 92101
Telephone: 619-487-4404

Tod M. Melgar
Gerald A. Haddad
Rachel J. Rodriguez
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017
Telephone: 212-977-9700

*Park Assist, LLC v. San Diego County Regional Airport Authority and Ace Parking Management, Inc.*, Case No. 3:18-cv-02068-BEN-DEB,

**c. Plaintiff**

Park Assist, LLC

<u>Represented By</u>:
Jason M. Kirby
Kirby & Kirby, LLP
501 W. Broadway, Suite 1720
San Diego, California 92101
Telephone: 619-487-4404

Tod M. Melgar
Gerald A. Haddad
Rachel J. Rodriguez
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017
Telephone: 212-977-9700

**d. Defendants**

(i) Ace Parking Management, Inc.

<u>Represented By</u>:
Mikle S. Jew
Foley & Lardner LLP
3579 Valley Centre Drive, Suite 300
San Diego, California 92130
Telephone: 858-847-6700

Paul V. Storm
J. Michael Thomas
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214-999-3000

(ii) San Diego County Regional Airport Authority

Represented By:
Eric M. Acker
John R. Lanham
Janet S. Kim
Morrison & Foerster LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858-720-5100

**7. NATURE AND PURPOSE OF PROCEEDINGS AND SUMMARY OF FACTS**

Park Assist owns United States Patent No. 9,594,956 (the "'956 Patent"), entitled "Method and System for Managing a Parking Lot Based on Intelligent Imaging." Park Assist sued users of Indect's products of infringing the '956 Patent. Indect brought this action for declaratory judgment against Park Assist seeking a declaration that neither Indect nor users of Indect's products have infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, any claim of the '956 Patent. Indect also seeks a declaration regarding the invalidity of the '956 Patent. Indect also claims Park Assist has engaged in unfair and unlawful anticompetitive behavior with the intent to wrongfully gain business and market share and cause harm to Indect by, *inter alia*, falsely and in bad faith claiming that Indect infringes the '956 Patent and bringing sham litigation for infringement of the '956 Patent against users of Indect's products.

In this case's companion case, Park Assist filed suit against Defendants San Diego County Regional Airport Authority ("SDCRAA") and Ace Parking Management, Inc. ("Ace Parking") on September 5, 2018, asserting infringement of one U.S. patent in violation of United States federal patent laws 35 U.S.C. §§ 1, eq seq. Park Assist alleges that SDCRAA and Ace Parking the '956 Patent.

The technology at issue in both cases pertains to parking guidance systems developed and sold by Indect. Indect, SDCRAA, and Ace Parking have denied all allegations of infringement, raised several affirmative defenses to liability, and asserted claims or counterclaims for declaratory relief. Indect, SDCRAA, and Ace Parking have

1  asserted that the parking guidance system developed by Indect and operated by SDCRAA
2  and/or Ace Parking is not capable of infringing the '956 Patent and that the '956 Patent is
3  invalid.

4  Accompanying this submission are copies of Plaintiff's First Amended Complaint setting forth its claims and Defendants' Answers and Counterclaims setting forth their defenses and counterclaims in both cases. This Court has not conducted any independent investigation of Plaintiff's claims or Defendants' defenses, but pursuant to the U.S. Federal Rules of Civil Procedure, the parties are entitled and obligated to seek discovery of information in an effort to support their claims and defenses. Such discovery may take the form of requests for documents and depositions, including from non-parties.

Indect seeks documents from and the oral deposition of TIS, Inc. ("TIS"), a non-party citizen of Korea. TIS is an inventor of a parking guidance system that predates Park Assist's system and possesses or has access to information about pre-existing technology that would either invalidate Park Assist's patent and support Indect's affirmative defense of inequitable conduct. This information is relevant to Indect's affirmative claims and SDCRAA and Ace Parking's affirmative defenses and counterclaims. TIS thus has unique knowledge that Indect, SDCRAA, and Ace Parking cannot obtain from any other source.

### 8. **EVIDENCE TO BE OBTAINED AND PURPOSE**

This Letter of Request is for evidence that is expected to be used at trial in the above referenced civil actions. The evidence will be treated consistent with the Protective Orders that have already been entered in the above cases, which are attached to this Letter of Request. The Protective Orders are designed to protect producing entities from any unauthorized use or disclosure of confidential or proprietary information and allows third parties to designate materials they produce as "CONFIDENTIAL" "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL – FOR COUNSEL ONLY – PROSECUTION BAR." Further, the Protective Orders provide generally for return or destruction of designated material after the final disposition of the case. This Court has jurisdiction over the parties and the Protective Orders for the purposes of compliance with

and enforcement of its terms.

This Court respectfully requests that this Letter of Request be executed by the Central Authority of the Republic of Korea and carried out (in whole or part) by the appropriate authority and any court appointed by it. Upon execution of this Letter of Request, it is respectfully requested that the competent judicial authorities of Korea apply all appropriate means available to them to compel compliance with the following requests for documents and testimony.

TIS is an inventor of a parking guidance system that predates Park Assist's system. TIS is believed to possess documents and testimony concerning information about pre-existing technology that would either invalidate Park Assist's patent and support Indect's affirmative defense of inequitable conduct.

Indect, SDCRAA, and Ace Parking seek production from TIS of the documents identified in **Schedule A**. The documents sought fall into the following categories.

**Category I.** Introduction of TIS's products to the market.

**Category II.** Technology underlying TIS's products.

**Category III.** Communications with Park Assist's employees, agents, and/or representatives.

Indect, SDCRAA, and Ace Parking have no legal claims against TIS, nor will Indect, SDCRAA, or Ace Parking seek to add TIS as a party in these lawsuits. Indect, SDCRAA, and Ace Parking only seek discovery from TIS as a non-party witness.

9. **IDENTITY AND ADDRESS OF ANY PERSON TO BE EXAMINED**

The identity and address of the entities and persons to be examined is set forth below. The addresses provided are based on currently available information, and may be supplemented.

    TIS, Inc.
    Suite 602, KWTC
    159-1 Samsung-Dong Gangnam-Gu
    Seoul
    Korea

10. **QUESTIONS OR STATEMENT TO BE PUT TO THE PERSONS TO BE EXAMINED**

Indect, SDCRAA, and Ace Parking seek to question TIS about the following topics set forth in **Schedule B.** The topics fall into the following categories:

**Category I.** The development of TIS's parking guidance system.

**Category II.** Introduction of TIS's parking guidance system to the market.

**Category III.** TIS's communications with Park Assist.

11. **DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED**

This Court requests that TIS be ordered to produce to Indect, SDCRAA, and Ace Parking any documents in his possession, custody, or control as identified in **Schedule A.**

12. **REQUIREMENT THAT EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED**

This Court requests that this witness be placed under oath before answering questions. The requested form of the oath is: "Do you solemnly state that the testimony you will give in this deposition proceeding will be the truth, the whole truth, and nothing but the truth?"

In the event that the witness cannot be placed under oath, it is requested that he or she answer questions in such manner as provided by Korean law for taking evidence, including those provisions intended to ensure the veracity of oral testimony.

13. **SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED**

For production of documents, this Court requests that:

(a) the witness produce all documents within his possession, custody, or control, or to which the witness otherwise has access, that are responsive to the document requests and which are not protected by attorney client privilege or work product immunity as set forth in Section 16;

(b) the requested documents be produced in the form of duplicates of the original documents instead of summaries or descriptions;

(c) the requested documents be numbered serially (*e.g.*, "TIS00001")

CASE NO. 3:18-CV-02409-BEN-DEB

9

for ease of identification;

(d) any confidential information be so designated according to the terms of the Protective Order;

(e) the requested documents be produced as they are kept in the usual course of business, or be organized and labeled to correspond to the categories in the request;

(f) the requested documents include electronically stored information produced in a form in which it is ordinarily maintained or in a reasonably usable for; and

(g) the same electronically stored information need not be produced in more than one form.

With respect to delivery of documents identified in **Schedule A**, Indect, SDCRAA, or Ace Parking agree to accept documents in native electronic format, such that TIS would incur no document processing charges and will ensure that all parties will receive a copy of the documents. Documents can be delivered electronically to Indect, SDCRAA, or Ace Parking's counsel, by email or electronic file transfer. Documents need only be produced once, and they will be treated as evidence in both cases.

This Court requests "American-style" depositions. Specifically, it is requested that:

(a) United States trial counsel for Indect, SDCRAA, Ace Parking, and Park Assist be permitted to examine the witness under oath pursuant to the United States Federal Rules of Civil Procedure;

(b) counsel for the witness, including any United States counsel, be permitted to defend the deposition pursuant to the United States Federal Rules of Civil Procedure;

(c) the deposition take place before a court reporter experienced in American depositions who will produce a verbatim transcript of the deposition;

(d) the deposition take place before a videographer experienced in American depositions who will videotape the deposition;

(e) the witness be required to review, correct, and sign the verbatim transcript within 14 days after the transcript is furnished to the witness (which may take 2 to 3 weeks);

(f) the witness be examined as soon as practicable; and

(g) the witness produce requested documents thirty business days prior to the examination of the witness.

The deposition will be conducted only once and be treated as evidence in both of the above-referenced cases.

## 14. REQUEST FOR NOTIFICATION

This Court respectfully requests that any order made to produce documents specifically require copies of the documents to be produced to the parties' representatives as identified in Section 6 above. This Court further requests that the legal representatives for the parties identified in Section 6 above be informed as soon as practicable of the time and place for the deposition of witness.

## 15. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (article 8)

None.

## 16. SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN (article 11, b)

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation. This right to refuse to give evidence containing privilege information or work product applies to all evidence

requested, including documents requested under Section 12 and testimony requested under Section 13.

**17.   REIMBURSEMENT**

The fees and costs incurred in the execution of this request that are reimbursable will be borne by Indect, SDCRAA, and Ace Parking. Indect, SDCRAA, and Ace Parking are willing to reimburse the reimbursable fees and costs incurred by TIS in complying with requests in **Schedules A and B.**

**CONCLUSION**

It is respectfully requested that this Letter of Request be given the highest consideration and enforced as soon as practicable. To the extent that any portion of the Request cannot be granted, it is respectfully requested that the remaining parts be granted. This Court assures the Judicial Authorities in the Republic of Korea that it will reciprocate with similar assistance in like cases and extends the Judicial Authorities the assurances of its highest consideration.

Date: February 22, 2021

_____
Hon. Daniel E. Butcher
United States Magistrate Judge
United States District Court
Southern District of California

[SEAL OF COURT]

I certify the afore signature of the Honorable Daniel E. Butcher, a Magistrate Judge in the United States District Court, Southern District of California, San Diego, California.

Date: February 22, 2021

_____
John Morrill
Clerk of the Court
United States District Court
Southern District of California

# SCHEDULE A
# DOCUMENT PRODUCTION BY TIS, INC.

Indect, SDCRAA, and Ace Parking request that TIS, Inc. produce documents according to the terms below:

(1) All communications between TIS and Park Assist related to parking guidance technology.

(2) All communications between TIS and Daniel Cohen regarding the technology underlying TIS's parking guidance system.

(3) All communications between TIS and Richard Joffee regarding the technology underlying TIS's parking guidance system.

(4) All communications between TIS and Bob Caspe regarding the technology underlying TIS's parking guidance system.

(5) All communications between TIS and Aaron Isaksen regarding the technology underlying TIS's parking guidance system.

(6) All communications between TIS and Ilan Goodman regarding the technology underlying TIS's parking guidance system.

(7) All communications between TIS and Ian Yamey regarding the technology underlying TIS's parking guidance system.

(8) All communications between TIS and Michael Klevansky regarding the technology underlying TIS's parking guidance system.

(9) All communications between TIS and Andrew Crawford regarding the technology underlying TIS's parking guidance system.

(10) All communications between TIS and Konstantyn Prokopenko regarding the technology underlying TIS's parking guidance system.

(11) All communications between TIS and Steven Hartman regarding the technology underlying TIS's parking guidance system.

(12) All communications between TIS and Aurelien Ramondou regarding the technology underlying TIS's parking guidance system.

(13) All communications between TIS and Mark Kudas regarding the technology underlying TIS's parking guidance system.

(14) All communications between TIS and Ezequiel Cura regarding the technology underlying TIS's parking guidance system.

(15) Documents reflecting the date TIS introduced its parking guidance system to the market.

(16) Documents reflecting the locations and/or markets in which TIS sold its parking guidance system.

(17) Documents reflecting TIS's knowledge or awareness that Park Assist was using TIS's parking guidance technology.

## SCHEDULE B

## TOPICS FOR EXAMINATION OF TIS, INC.

Indect, SDCRAA, and Ace Parking request that TIS, Inc. appear and provide testimony according to the terms below:

(1) The introduction of TIS, Inc.'s parking guidance system to the market, including the dates and locations of such introduction.

(2) TIS, Inc.'s knowledge and/or awareness of Park Assist's use of TIS, Inc.'s technology.

(3) TIS, Inc.'s knowledge and/or awareness of Park Assist's use of photographs from TIS, Inc.'s patent in Park Assist's patent.

(3) TIS, Inc.'s relationship with Park Assist.

(4) TIS, Inc.'s relationship with any of the named inventors on United States Patent No. 9,594,956.