# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDECT USA CORP., | Case No. 3:18-cv-02068-BEN-DEB |
| Plaintiff, | |
| v. | Judge Daniel E. Butcher<br>United States Magistrate Judge |
| PARK ASSIST, LLC, | |
| Defendant. | |

## AMENDED REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

TO THE CENTRAL AUTHORITY OF AUSTRALIA:

The United States District Court for the Southern District of California presents its compliments to the appropriate judicial authority of Australia and respectfully requests international judicial assistance to obtain evidence for use in a civil proceeding before this Court in the above-captioned patent infringement dispute.

This Court requests the assistance described herein pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Convention"), as adopted and implemented in the United States of America at 28 U.S.C. § 1781, and as ratified under Australian law. The United States District Court for the Southern District of California is a competent court of law and equity, which properly has jurisdiction over this matter, and has the power to compel the production of evidence both within and outside its jurisdiction. *See* Fed. R. Civ. P. 4(f)(2)(B), 28(b);

1 | All Writs Act, 28 U.S.C. §§ 1651, 1781(b).

2 |     The production of documents requested herein is intended for use at trial, and in the view of this Court will be highly relevant to the claims and defenses in this case, in particular to Plaintiff INDECT USA Corp.'s claims under 35 U.S.C. §§ 101, 102, and 103.

    This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he would if the litigation were conducted in Australia. The requesting Court is satisfied that the evidence sought to be obtained through this request is relevant and necessary and cannot reasonably be obtained by other methods. Because this Court lacks authority to compel participation of this person and such participation being necessary in order that justice be served in the above-captioned proceedings, this Court respectfully requests assistance from the Appropriate Judicial Authority.

1. **SENDER**
   Honorable Daniel E. Butcher
   United States Magistrate Judge
   United States District Court for the Southern District of California
   333 W. Broadway #420
   San Diego, California 92101
   United States of America

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE**
   Private International and Commercial Law Section
   Australian Government
   Attorney-General's Department
   Robert Garran Offices
   3-5 National Circuit
   BARTON ACT 2600
   Australia

3. **PERSON TO WHOM THE EXPECTED REQUEST IS TO BE RETURNED**
   Paul V. Storm
   Foley & Lardner LLP
   2021 McKinney Avenue, Suite 1600
   Dallas, Texas 75201
   United States of America

Telephone: 214-999-3000

4. **SPECIFICATION OF DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST**

This Court requests that the documents be delivered by April 2, 2021.

5. **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

   a. **Requesting judicial authority:**

   Honorable Daniel E. Butcher
   United States Magistrate Judge
   United States District Court for the Southern District of California
   333 W. Broadway #420
   San Diego, California 92101
   United States of America

   b. **To the competent authority of Australia:**
   Private International and Commercial Law Section
   Australian Government
   Attorney-General's Department
   Robert Garran Offices
   3-5 National Circuit
   BARTON ACT 2600
   Australia

**Case name and number:**

The evidence requested relates to the action *Indect USA Corp. v. Park Assist, LLC*, Case No. 3:18-cv-02409-BEN-DEB, pending in the United States District Court for the Southern District of California, and its companion case *Park Assist, LLC v. San Diego County Regional Airport Authority and Ace Parking Management, Inc.*, Case No. 3:18-cv-02068-BEN-DEB, also pending in the United States District Court for the Southern District of California.

6. **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES**

*Indect USA Corp. v. Park Assist, LLC*, Case No. 3:18-cv-02409-BEN-DEB

a. **Plaintiff**

Indect USA, Corp.

Represented By:
Mikle S. Jew
Foley & Lardner LLP
3579 Valley Centre Drive, Suite 300
San Diego, California 92130
Telephone: 858-847-6700

Paul V. Storm
J. Michael Thomas
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214-999-3000

b. **Defendant**

Park Assist, LLC

Represented By:
Jason M. Kirby
Kirby & Kirby, LLP
501 W. Broadway, Suite 1720
San Diego, California 92101
Telephone: 619-487-4404

Tod M. Melgar
Gerald A. Haddad
Rachel J. Rodriguez
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017
Telephone: 212-977-9700

*Park Assist, LLC v. San Diego County Regional Airport Authority and Ace Parking Management, Inc.*, Case No. 3:18-cv-02068-BEN-DEB,

c. **Plaintiff**

Park Assist, LLC

Represented By:
Jason M. Kirby
Kirby & Kirby, LLP
501 W. Broadway, Suite 1720
San Diego, California 92101
Telephone: 619-487-4404

Tod M. Melgar
Gerald A. Haddad
Rachel J. Rodriguez
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017
Telephone: 212-977-9700

d. **Defendants**

(i) Ace Parking Management, Inc.

Represented By:
Mikle S. Jew
Foley & Lardner LLP
3579 Valley Centre Drive, Suite 300
San Diego, California 92130
Telephone: 858-847-6700

Paul V. Storm
J. Michael Thomas
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214-999-3000

(ii) San Diego County Regional Airport Authority

Represented By:
Eric M. Acker
John R. Lanham
Janet S. Kim
Morrison & Foerster LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858-720-5100

## 7. NATURE AND PURPOSE OF PROCEEDINGS AND SUMMARY OF FACTS

Park Assist owns United States Patent No. 9,594,956 (the "'956 Patent"), entitled "Method and System for Managing a Parking Lot Based on Intelligent Imaging." Park Assist sued users of Indect's products of infringing the '956 Patent. Indect brought this action for declaratory judgment against Park Assist seeking a declaration that neither Indect nor users of Indect's products have infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, any claim of the '956 Patent. Indect also seeks a declaration regarding the invalidity of the '956 Patent. Indect also claims Park Assist has engaged in unfair and unlawful anticompetitive behavior with the intent to wrongfully gain business and market share and cause harm to Indect by, *inter alia*, falsely and in bad faith claiming that Indect infringes the '956 Patent and bringing sham litigation for infringement of the '956 Patent against users of Indect's products.

In this case's companion case, Park Assist filed suit against Defendants San Diego County Regional Airport Authority ("SDCRAA") and Ace Parking Management, Inc. ("Ace Parking") on September 5, 2018, asserting infringement of one U.S. patent in violation of United States federal patent laws 35 U.S.C. §§ 1, *et seq.* Park Assist alleges that SDCRAA and Ace Parking the '956 Patent.

The technology at issue in both cases pertains to parking guidance systems developed and sold by Indect. Indect, SDCRAA, and Ace Parking have denied all allegations of infringement, raised several affirmative defenses to liability, and asserted claims or counterclaims for declaratory relief. Indect, SDCRAA, and Ace Parking have asserted that the parking guidance system developed by Indect and operated by SDCRAA and/or Ace Parking is not capable of infringing the '956 Patent and that the '956 Patent is invalid.

Accompanying this submission are copies of Plaintiff's First Amended Complaint setting forth its claims and Defendants' Answers and Counterclaims setting forth their defenses and counterclaims in both cases. This Court has not conducted any independent investigation of Plaintiff's claims or Defendants' defenses, but pursuant to the U.S. Federal

Rules of Civil Procedure, the parties are entitled and obligated to seek discovery of information in an effort to support their claims and defenses. Such discovery may take the form of requests for documents and depositions, including from non-parties.

Richard Joffe is a named inventor on the '956 Patent. Mr. Joffe also worked as Park Assist's Chief Executive Officer from 2005-2013. He possesses or has access to the original records relating to the '956 Patent and the underlying research. The information Mr. Joffe has is relevant to Indect's affirmative claims and SDCRAA and Ace Parking's affirmative defenses and counterclaims. Mr. Joffe also has unique knowledge regarding the '956 Patent and the research and development of the covered method that Indect, SDCRAA, and Ace Parking cannot obtain from any other source.

**8. EVIDENCE TO BE OBTAINED AND PURPOSE**

This Letter of Request is for evidence that is expected to be used at trial in the above referenced civil actions. The evidence will be treated consistent with the Protective Orders that have already been entered in the above cases, which are attached to this Letter of Request. The Protective Orders are designed to protect producing entities from any unauthorized use or disclosure of confidential or proprietary information and allows third parties to designate materials they produce as "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY," or "CONFIDENTIAL – FOR COUNSEL ONLY – PROSECUTION BAR." Further, the Protective Orders provide generally for return or destruction of designated material after the final disposition of the case. This Court has jurisdiction over the parties and the Protective Orders for the purposes of compliance with and enforcement of its terms.

This Court respectfully requests that this Letter of Request be executed by the Central Authority of Australia and carried out (in whole or part) by the appropriate authority and any court appointed by it. Upon execution of this Letter of Request, it is respectfully requested that the competent judicial authorities of Australia apply all appropriate means available to them to compel compliance with the following requests for documents and testimony.

Indect is in the process of retaining a Solicitor to assist in obtaining evidence from Mr. Joffe and will advise the appropriate Australian Court once a Solicitor has been retained. Consistent with Chapter 2 Articles 17, 18, and 19 of the Hague Convention, and to the extent that the Australian Court deems it appropriate to appoint a private lawyer to assist in taking evidence, the Court respectfully requests that the Solicitor retained by Indect be so appointed.

Mr. Joffe is a named inventor on the '956 Patent, at issue in these actions. Mr. Joffe is believed to possess documents and testimony concerning: the scope, meaning, or application of any language, including claim language, in the '956 Patent; the manner or technique in which the '956 Patent improved upon the prior art; and differences and similarities between the prior art and the '956 Patent.

Indect, SDCRAA, and Ace Parking seek production from Mr. Joffe of the documents identified in **Schedule A**. Indect, SDCRAA, and Ace Parking have no legal claims against Mr. Joffe, nor will Indect, SDCRAA, or Ace Parking seek to add Mr. Joffe as a party in these lawsuits. Indect, SDCRAA, and Ace Parking only seek discovery from Mr. Joffe as a non-party witness.

### 9. IDENTITY AND ADDRESS OF ANY PERSON TO BE EXAMINED

The identity and address of the person to be examined are set forth below. The address provided is based on currently available information, and may be supplemented.

> Richard Joffe
> Australia

Indect, SDCRAA, and Ace Parking are attempting to locate Mr. Joffe's current address in Australia, and will provide it to the appropriate authority in Australia.

### 10. QUESTIONS OR STATEMENT TO BE PUT TO THE PERSONS TO BE EXAMINED

Indect, SDCRAA, and Ace Parking seek to question Mr. Joffe about the topics set forth in **Schedule B**.

### 11. DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED

This Court requests that Mr. Joffe be ordered to produce to Indect, SDCRAA, and

Ace Parking any documents in his possession, custody, or control as identified in **Schedule A**.

### 12. REQUIREMENT THAT EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED

This Court requests that this witness be placed under oath before answering questions. The requested form of the oath is: "Do you solemnly state that the testimony you will give in this deposition proceeding will be the truth, the whole truth, and nothing but the truth?"

In the event that the witness cannot be placed under oath, it is requested that he answer questions in such manner as provided by Australian law for taking evidence, including those provisions intended to ensure the veracity of oral testimony.

### 13. SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED

For production of documents, this Court requests that:

(a) the witness produce all documents within his possession, custody, or control, or to which the witness otherwise has access, that are responsive to the document requests and which are not protected by attorney client privilege or work product immunity as set forth in Section 16;

(b) the requested documents be produced in the form of duplicates of the original documents instead of summaries or descriptions;

(c) the requested documents be numbered serially (*e.g.*, "JOFFE00001") for ease of identification;

(d) any confidential information be so designated according to the terms of the Protective Order;

(e) the requested documents be produced as they are kept in the usual course of business, or be organized and labeled to correspond to the categories in the request;

(f) the requested documents include electronically stored information produced in a form in which it is ordinarily maintained or in a reasonably usable for; and

(g) the same electronically stored information need not be produced in more than one form.

With respect to delivery of documents identified in **Schedule A**, Indect, SDCRAA, and Ace Parking agree to accept documents in native electronic format, such that Mr. Joffe would incur no document processing charges and will ensure that all parties will receive a copy of the documents. Documents can be delivered electronically to Indect, SDCRAA, or Ace Parking's counsel, by email or electronic file transfer. Documents need only be produced once, and they will be treated as evidence in both cases.

This Court requests "American-style" depositions. Specifically, it is requested that:

(a) United States trial counsel for Indect, SDCRAA, Ace Parking, and Park Assist be permitted to examine the witness under oath pursuant to the United States Federal Rules of Civil Procedure;

(b) counsel for the witness, including any United States counsel, be permitted to defend the deposition pursuant to the United States Federal Rules of Civil Procedure;

(c) the deposition take place before a court reporter experienced in American depositions who will produce a verbatim transcript of the deposition;

(d) the deposition take place before a videographer experienced in American depositions who will videotape the deposition;

(e) the witness be required to review, correct, and sign the verbatim transcript within 14 days after the transcript is furnished to the witness (which may take 2 to 3 weeks);

(f) the witness be examined as soon as practicable; and

(g) the witness produce requested documents thirty business days prior to the examination of the witness.

The deposition will be conducted only once and be treated as evidence in both of the above-referenced cases.

14. **REQUEST FOR NOTIFICATION**

This Court respectfully requests that any order made to produce documents specifically require copies of the documents to be produced to the parties' representatives as identified in Section 6 above. This Court further requests that the legal representatives for the parties identified in Section 6 above be informed as soon as practicable of the time and place for the deposition of witness.

15. **REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (article 8)**

None.

16. **SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN (article 11, b)**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation. This right to refuse to give evidence containing privilege information or work product applies to all evidence requested, including documents requested under Section 12 and testimony requested under Section 13.

17. **REIMBURSEMENT**

The fees and costs incurred in the execution of this request that are reimbursable will be borne by Indect, SDCRAA, and Ace Parking. Indect, SDCRAA, and Ace Parking are willing to reimburse the reimbursable fees and costs incurred by Mr. Joffe in complying with requests in **Schedules A and B.**

**CONCLUSION**

It is respectfully requested that this Letter of Request be given the highest

consideration and enforced as soon as practicable. To the extent that any portion of the Request cannot be granted, it is respectfully requested that the remaining parts be granted. This Court assures the Judicial Authorities in Australia that it will reciprocate with similar assistance in like cases and extends the Judicial Authorities the assurances of its highest consideration.

Date: February 22, 2021

Hon. Daniel E. Butcher
United States Magistrate Judge
United States District Court
Southern District of California

[SEAL OF COURT]

I certify the afore signature of the Honorable Daniel E. Butcher, a Magistrate Judge in the United States District Court, Southern District of California, San Diego, California.

Date: February 22, 2021

John Morrill
Clerk of the Court
United States District Court
Southern District of California

CASE NO. 3:18-CV-02409-BEN-DEB

# SCHEDULE A

# DOCUMENT PRODUCTION BY RICHARD JOFFE

Indect, SDCRAA, and Ace Parking request that Richard Joffe produce documents according to the terms below:

(1) All documents relating to the ownership, title, transfer, or assignment of United States Patent No. 9,594,956.

(2) Mr. Joffe's internal documents and working files for any work done in connection with United States Patent No. 9,594,956

(3) Correspondence with Park Assist concerning the prosecution of United States Patent No. 9,594,956.

(4) All documents relating the conception and reduction to practice the subject matter of each asserted claim of United States Patent No. 9,594,956, including engineering notebooks, laboratory notebooks, log books, record books, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, computer records, diaries, calendars, test results, invention disclosures, and patent prosecution records.

(5) All documents relating to the use, research, design, development, testing, manufacture, operation, distribution, importation, sale, licensing, and marketing of products covered by any claim of United States Patent No. 9,594,956.

(6) All documents relating to the research, design, development, manufacture, assembly testing, or operation of any device, prototype, product, or system that allegedly embodies, falls within the scope of, or is practiced in accordance with the subject matter of any claim of United States Patent No. 9,594,956, including any engineering notebooks, laboratory notebooks, log books, record books, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, computer records, diaries, calendars, or test results.

(7) All documents that refer to any modification, improvement, changes, or any proposed modification, improvement, or change during the research, design, development,

1  manufacture, assembly, testing or operation of any product, device, apparatus, method,
2  process, or system that allegedly embodies, falls within the scope of, or is practiced in
3  accordance with the subject matter of any claim of United States Patent No. 9,594,956,
4  including attempts to design or re-design products to avoid infringing any pre-existing
5  patents.

6      (8) Any personnel records Mr. Joffe has from his employment with Park Assist.

7      (9) Mr. Joffe's resume or curricula vitae.

8      (10) All documents relating to any publications, including abstracts, papers,
9  presentations, or speeches authored or given, in whole or in part, by Mr. Joffe.

10      (11) All communications between Mr. Joffe and Daniel Cohen regarding United
11  States Patent No. 9,594,956 or the method covered by United States Patent No. 9,594,956.

12      (12) All communications between Mr. Joffe and Bob Caspe regarding United States
13  Patent No. 9,594,956 or the method covered by United States Patent No. 9,594,956.

14      (13) All communications between Mr. Joffe and Aaron Isaksen regarding United
15  States Patent No. 9,594,956 or the method covered by United States Patent No. 9,594,956.

16      (14) All communications between Mr. Joffe and Ilan Goodman regarding United
17  States Patent No. 9,594,956 or the method covered by United States Patent No. 9,594,956.

18      (15) All communications between Mr. Joffe and Ian Yamey regarding United States
19  Patent No. 9,594,956 or the method covered by United States Patent No. 9,594,956.

20      (16) All communications between Mr. Joffe and Michael Klevansky regarding
21  United States Patent No. 9,594,956 or the method covered by United States Patent No.
22  9,594,956.

23      (17) All communications between Mr. Joffe and Andrew Crawford regarding United
24  States Patent No. 9,594,956 or the method covered by United States Patent No. 9,594,956.

25      (18) All communications between Mr. Joffe and Konstantyn Prokopenko regarding
26  United States Patent No. 9,594,956 or the method covered by United States Patent No.
27  9,594,956.

28      (19) All communications between Mr. Joffe and Steven Hartman regarding United

States Patent No. 9,594,956 or the method covered by United States Patent No. 9,594,956.

(20) All communications between Mr. Joffe and Aurelien Ramondou regarding United States Patent No. 9,594,956 or the method covered by United States Patent No. 9,594,956.

(21) All communications between Mr. Joffe and Mark Kudas regarding United States Patent No. 9,594,956 or the method covered by United States Patent No. 9,594,956.

(22) All communications between Mr. Joffe and Ezequiel Cura regarding United States Patent No. 9,594,956 or the method covered by United States Patent No. 9,594,956.

(23) Copies of all sworn testimony ever given by Mr. Joffe, including transcripts (printed transcripts, audiotapes, and videotapes), affidavits, or declarations under oath.

(24) All documents related to any written descriptions of any claim of United States Patent No. 9,594,956, including all "invention disclosures" and other written descriptions authored by Mr. Joffe.

(25) All documents Mr. Joffe identified as potentially or allegedly invalidating prior art to, or otherwise relevant to, the patentability or enforceability of United States Patent No. 9,594,956.

(26) All documents relating to any evaluation, analysis, or review of any prior art relating to United States Patent No. 9,594,956, including any evaluation, analysis, or review of any documents that refer to any prior art relating to United States Patent No. 9,594,956.

## SCHEDULE B

## TOPICS FOR EXAMINATION OF RICHARD JOFFE

Indect, SDCRAA, and Ace Parking request that Richard Joffe appear and provide testimony according to the terms below:

(1) The research, design, and development of the method covered by United States Patent No. 9,594,956.

(2) The assignment of United States Patent No. 9,594,956 to Park Assist.

(3) Mr. Joffe's relationship with Park Assist.

(4) Mr. Joffe's relationship with the other named inventors listed on United States Patent No. 9,594,956.

(5) The decision to apply for a patent to cover the subject matter of United States Patent No. 9,594,956.